UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PENSKE TRUCK LEASING CO., L.P.,

        Plaintiff,

Case No. 1:07-CV-437

v.

Hon. Richard Alan Enslen

USA TRUCK, INC.,

**JUDGMENT**

        Defendant.
_____/

      This matter is before the Court on Defendant USA Truck, Inc.'s Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b). Plaintiff Penske Truck Leasing Co., L.P., individually and as subrogee of its employee Gregory Thompson, opposes the Motion. Upon review of the briefing, oral argument is unnecessary. W.D. Mich. LCivR 7.2(d).

      Plaintiff's Complaint alleges negligence and breach of express contract; however, Plaintiff has now indicated that "Defendant is correct in that there is apparently no contract between Penske and USA Truck which would apply to this situation" and that "Plaintiff will stipulate to dismiss its claim of Breach of Contract without prejudice." (Resp. 7.) Dismissal without prejudice is appropriate when notice of dismissal is filed before the defendant files an answer or motion for summary judgment, and only if the plaintiff has not previously dismissed an action based on the same claim. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990). Since Defendant has already filed both an answer and summary judgment motion, Plaintiff "may dismiss the action only by stipulation, Rule 41(a)(1)(ii), or by order of the court . . . ." *Id.* Defendant has indicated it will not stipulate to dismissal without prejudice. The Court finds that Plaintiff has failed to demonstrate why dismissal with prejudice is inappropriate, especially in light of the fact that "there is apparently

no contract." The Court will grant Defendant's summary judgment motion as to Count II of the Complaint. *See Wallace v. Wheeling Pittsburgh Steel Corp.*, No. 2:06-cv-610, 2007 WL 1795950, at *1–3 (S.D. Ohio June 20, 2007).

The material facts of Plaintiff's negligence claim are not in dispute. On April 14, 2004, Thompson was in the process of unloading tires from a semi-trailer owned by Defendant. As he opened the right trailer door, it tore loose from its hinges and fell towards him, injuring him in the course of the fall. Plaintiff thereafter paid Thompson worker's compensation benefits and now seeks reimbursement from Defendant.

Defendant argues Plaintiff's claim is barred by Michigan's No-Fault Act, M.C.L. § 500.3135(3), which abolishes "tort liability arising from the ownership, maintenance, or use . . . of a motor vehicle." Plaintiff counters that M.C.L. § 500.3106(2)(a) removes the claim from the strictures of the No-Fault Act and, therefore, allows a general negligence action. An almost identical factual scenario was presented to the Michigan Court of Appeals in *Gunsell v. Ryan*, 599 N.W.2d 767 (Mich. Ct. App. 1999). *Gunsell* summarized the No-Fault Act's interplay with worker's compensation benefits as follows: "Under [M.C.L. § 500.3106(2)], three conditions must be met before an insurer can deny coverage. First, the vehicle must be parked. Second, benefits must be 'available to an employee' under the worker's compensation statute . . . . Third, the employee must be loading or unloading the vehicle . . . ." *Id.* at 771. If these three conditions are met, the injured employee can bring an action under the No-Fault Act, but cannot bring an action under general negligence principles. *See id.* at 770–71; Mark G. Cooper, *Annual Survey of Michigan Law: Insurance Law*, 47 Wayne L. Rev. 601, 608–09 (2001) (concluding that the *Gunsell* plaintiff's "third-party claim should have been brought under the no-fault act that would have required that he

plead and prove a threshold injury to recover damages from the defendant"). The overriding concern of this provision of the No-Fault Act is the prevention of double recovery. *See North v. Kolomyjec*, 502 N.W.2d 765, 768 (Mich. Ct. App. 1993).

Plaintiff admits the semi-truck was parked, Thompson received worker's compensation benefits, and the accident occurred while Thompson was unloading the semi-truck. (Resp. 18–19.) Thus, all three conditions of the *Gunsell* test are satisfied, which demonstrates no genuine issues of material fact exists. The Court finds that Plaintiff's claim is not removed from the strictures of the No-Fault Act and cannot be brought under general negligence principles. *Gunsell*, 599 N.W.2d at 770; *see also Michigan Bell Tel. Co. v. Short*, 395 N.W.2d 70, 71 (Mich. App. Ct. 1986) ("If an injury arises out of the ownership, operation, maintenance or use of a motor vehicle, liability is governed by the provisions of [the No-Fault Act].").[1] Therefore, the Court will also grant Defendant's summary judgment motion as to Count I of the Complaint. Accordingly,

**IT IS HEREBY ORDERED** that Defendant USA Truck, Inc.'s Motion for Summary Judgment (Dkt. No. 22) is **GRANTED** and all of Plaintiff Penske Truck Leasing Co., L.P.'s claims against Defendant are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Dismissal for Failure to Allow Discovery (Dkt. No. 15) is **DENIED AS MOOT**.

DATED in Kalamazoo, MI:
January 2, 2008

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Defendant alternatively argues that Plaintiff is not the real party in interest because it is not the entity that paid worker's compensation benefits to Thompson. Defendant alleges that the real party in interest is either Penske Logistics, Inc., or its worker's compensation benefits insurer, Old Republic Insurance Company. The Court need not address this argument for the reasons discussed *infra*.